CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJkQ

FEB 18 2010

JOHN F. CORCORAN, CLERK
BY: HMcDonagh
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD W. GOFF, JR., ) | Civil Action No. 7:09-cv-00490 |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIEN, ) | By: Hon. Jackson L. Kiser |
| Respondent. ) | Senior United States District Judge |

Donald W. Goff, Jr., a military prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his conviction and parole status after his court martial for premeditated murder. This matter is before me pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1] After reviewing judicial records and petitioner's submissions, I dismiss the petition as an abuse of the writ.

I.

Petitioner complains that the Memorandum of Agreement ("MOA") entered between the Department of the Army ("DOA") and the Federal Bureau of Prisons ("BOP") on May 27, 1994 (effective in 1995), authorized the transfer of 500 military prisoners from military confinement to the BOP and granted the United States Parole Commission ("USPC") the authority to adjudicate these transferred military prisoners' parole matters. Petitioner alleges that these actions are unlawful because the Sentencing Reform Act, PL. 98-473 (enacted in 1984 and effective in November 1987), abolished the federal parole system.

Petitioner argues that this federal parole provisions cannot be applied to petitioner because of the MOA. Petitioner concludes that the DOA colluded with the BOP and the USPC

---

[1] Rule 4 of the Rules Governing § 2254 Cases allows a district court to review a habeas petition and dismiss it if the petitioner is not entitled to relief. See Rule 1(b) of the Rules Governing § 2254 Cases (allowing a district court to apply § 2254 rules to § 2241 petitions).

to create an unlawful system of parole that continues petitioner's unlawful confinement. Therefore, petitioner requests his immediate release from custody.

II.

I take judicial notice that petitioner has filed several § 2241 habeas petitions, including a petition I recently adjudicated under the abuse of the writ doctrine upon the same respondent's motion to dismiss.[2] See Goff v. O'Brien, No. 7:09-cv-00280, 2009 U.S. Dist. LEXIS 109676, at *4 (W.D. Va. Nov. 24, 2009). A general court martial was convened on June 7 - 10, 1988, to determine petitioner's guilt for the murder of his nine-week old son. The convening authority adjudged petitioner guilty and sentenced him to forty-years imprisonment, forfeiture of all pay and allowances, and a dishonorable discharge. Petitioner's convening authority ordered petitioner's dishonorable discharge on February 5, 1991. Petitioner filed his last petition to this court in July 2009 and filed this petition on November 30, 2009.

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." McCleskey v. Zant, 499 U.S. 467, 470 (1991).[3] The petitioner must

---

[2] On April 16, 1991, petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, to the United States District Court for the District of Kansas while he was incarcerated at the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Goff v. Hart, 1993 U.S. Dist. LEXIS 14032, at *2 (D. KS 1993). Petitioner did not include his present "USPC claim" in that petition because the MOA was entered into in 1994, several years after he filed that petition. However, petitioner did not present this claim in his second habeas petition that I recently dismissed. See Goff v. O'Brien, No. 7:09-cv-00280, 2009 U.S. Dist. LEXIS 109676, at *4 (W.D. Va. Nov. 24, 2009). Thus, petitioner raises this claim for the first time after he already filed a § 2241 petition after the MOA was already in effect.

[3] The abuse of the writ doctrine was not supplanted by the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which prohibits second or successive habeas petitions which raise matters already adjudicated in a previous petition, and requires second successive petitioners raising new claims to be authorized by the appropriate court of appeals. See 28 U.S.C. §§ 2244(b), 2255; Zayas v. INS, 311 F.3d 247, 252-53 (3rd Cir. 2002); Mendez v. United States, No. 04-HC-90-FL, 2004 U.S. Dist. LEXIS 30249, 2004 WL 3327911, *2 n.1 (E.D.N.C. Dec. 27, 2004).

show cause and prejudice or a fundamental miscarriage of justice to excuse a failure to raise the claim earlier to avoid dismissal as an abuse of the writ. Id. at 494-95. See Murray v. Carrier, 477 U.S. 478, 491 (1986); Miller v. Bordenkircher, 764 F.2d 245, 250 n.5 (4th Cir. 1985) (discussing abuse of the writ doctrine in the context of 28 U.S.C. § 2254). "To excuse an abuse of the writ, a successive habeas petitioner must show either cause and prejudice, or probable actual innocence." LaRette v. Bowersox, 70 F.3d 986, 987 (8th Cir. 1995). In order to satisfy the "cause" requirement, a petitioner must show that some external impediment prevented him from presenting his claim in a timely and procedurally proper manner. See Noble v. Barnett, 24 F.3d 582, 586 (4th Cir. 1994). The cause inquiry focuses on whether the petitioner was prevented from including a particular claim in his most recent petition. See id. (holding that the claims presented in applicant's third habeas petition were barred by the abuse of the writ doctrine because applicant "had full knowledge of the facts central to each of these claims at the time that he filed his second petition for a writ of habeas corpus"). See also Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995) (stating a court does not need to review the alternate prong when petitioner fails to establish one prong).

Petitioner's complaints stem from a public memorandum of agreement entered in 1994 that assigned a commission, allegedly powerless since Congress passed an 1984 law, with the responsibility to handle petitioner's parole. The case law petitioner relies on in support of his arguments were created in the 1980s, 1990s, and early 2000s, all issued long before petitioner filed his latest § 2241 petition in 2009. The court conditionally filed the petition, advised petitioner that it appears he is abusing the writ, listed his prior § 2241 cases, and requested information on cause and prejudice to excuse his abuse. Petitioner responded, stating that his

3

research was not complete when he filed his prior petitions and three other military prisoners are helping him. Therefore, petitioner's excuse shows that other inmates' advice and his research preferences caused his decision to file multiple petitions. I find that these reasons, which any prisoner could assert, do not satisfy the cause and prejudice standard to excuse petitioner's abuse of the writ.

According to Rule 4 of the Rules Governing § 2254 Cases, I must summarily dismiss a habeas petition if it plainly appears that petitioner is not entitled to relief. See Rule 1(b) of the Rules Governing § 2254 Cases (permitting court to apply the Rules to § 2241 petitions). It is plainly obvious that petitioner could have argued for more than a decade about the USPC's alleged lack of jurisdiction. Petitioner did not argue this claim in any prior petition, although he had the opportunity. Accordingly, I find that petitioner abuses the writ, and I dismiss the petition.

### III.

For the foregoing reasons, I dismiss petitioner's 28 U.S.C. § 2241 petition for a writ of habeas corpus, pursuant to Rule 4 of the Rules Governing § 2254 Cases.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner.

**ENTER:** This 18th day of February, 2010.

*[signature]*
Senior United States District Judge

4